[Crim. No. 2159. Second Appellate District, Division Two.—March 11, 1932.]

THE PEOPLE, Respondent, v. ANDREW BELL WILLIAMS, Appellant.

Orbison & Irwin for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

CRAIG, Acting P. J.—Upon a charge of having caused the death of another with a pistol, the appellant was found guilty by a jury of manslaughter, a felony, a lesser offense necessarily included in the charge set out in the information. The ground assigned for reversal consists of asserted error upon the part of the trial court in refusing to grant the defendant permission to file an application for probation and in holding that it had not jurisdiction to hear or determine the same.

Section 1203 of the Penal Code provides that in cases where discretion is conferred on the court, if it be determined that there are circumstances in mitigation of punishment prescribed by law, or that the ends of justice would be subserved by granting probation, the court shall have power to do so, except "that probation shall not be granted to any defendant . . . who used or attempted to use a deadly weapon in connection with the perpetration of the crime of which he was convicted, nor to one in the perpetration of the crime of which he was convicted inflicted great bodily injury or torture", etc.

It is the appellant's contention upon decided cases that the court should have permitted him to file his application for probation, and it is insisted that the slaying was accidental, or at most was unintentional, and that a revolver or pistol may be deemed a deadly weapon only when intentionally devoted to a use calculated to cause bodily harm. Conceding that such is the law in appropriate cases, the instant one is resolved by the argument into a question of fact for determination below. Upon a review of the entire record we cannot say that we are impelled to hold as a matter of law that the trial court abused its discretion. After a trial which we must presume in the absence of any

criticism to have been fair and impartial, and an examination of the defendant prior to sentence, the trial court was fully advised as to all the facts and circumstances. Its findings upon elements vital to probation were that "the defendant killed the decedent with a firearm. There was nothing accidental about it. There was no evidence to that effect. The defendant was charged with murder. It was not involuntary manslaughter at all. The evidence shows that it was voluntary manslaughter. The evidence would even have sustained a verdict of murder in this case." It is sufficient to observe that the principal authority cited in behalf of the appellant (*People* v. *Lovelace*, 97 Cal. App. 228 [275 Pac. 489]), does not aid him.

The judgment is affirmed.

Thompson (Ira F.), J., and Fricke, J., *pro tem.*, concurred.